164 A.3d 1061

IN THE MATTER OF ROBERT W. STEIN, AN ATTORNEY AT LAW (ATTORNEY NO. 015951994)

July 20, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–271, concluding that as matter of final discipline pursuant to *Rule* 1:20–13(c), **ROBERT W. STEIN** of **CHELTENHAM, PENNSYLVANIA,** who was admitted to the bar of this State in 1994, and who has been temporarily suspended from the practice of law since May 9, 2012, should be suspended from practice for a period of three years, based on his guilty plea in the United States District Court for the District of New Jersey to a one-count information charging him with Sherman Act Conspiracy, in violation of 15 *U.S.C.* § 1, conduct that violates *RPC* 8.4(b)(commission of a criminal act that reflects adversely on the attorney's honesty, trustworthiness, or fitness as a lawyer), and

*RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit, or misrepresentation);

And the Disciplinary Review Board having further concluded that the term of suspension should be retroactive to the date of respondent's temporary suspension;

And good cause appearing;

It is ORDERED that **ROBERT W. STEIN** is suspended from the practice of law for a period of three years, retroactive to May 9, 2012, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.